Porter, J.
This is an action to recover the . . value of services rendered as a physician. It . . „ is objected by the defendant, that the plaintiff , , . has not produced a license authorising him to practise physic.
. . We are of opinion, that where a defendant, in the course of the transaction on which the • . . . action is founded, has acted with the plaintiff
. as possessing a certain character, and ac- , - knowleged the title by virtue ol which he sues, this is prima facie evidence that he is *22 entitled to sue; arid if he is not, the burthen of proof is then thrown on the defendant.Philip's Evidence, 171, (edit. 1820.) In the present case, it is clearly established that the plaintiff was employed as a physician, and fre-queutl~ admitted to be such by defendant, and his agents; we therefore think the objection taken to the defendant's right to maintain this action, has not been sustained.
East'n District.
March, 1822.
Dumotílin for the plaintiff, Duncan for the defendant.
On the merits, the testimony is contradictory. The weight of it is, perhaps, against the conclusions which the jury has drawn; but it does not so preponderate on that side as to permit us to disturb the verdict.
The judgment of the district court should be affirmed with costs.
Martin, J. I concur.
Mathews, J. I do also.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.